■ In the Matter of CAROL M. SCHAEFER, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. (Proceeding No. 1.) In the Matter of CAROL M. SCHAEFER, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. (Proceeding No. 2.)—Casey J. Appeals (1) from a judgment of the Supreme Court (Klein, J.), entered November 19, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted respondents' motion to dismiss the petition in proceeding No. 1, and (2) from a judgment of said court, entered May 14, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted respondents' motion to dismiss the petition in proceeding No. 2.

Petitioner, an employee of the State court system, filed an application for accidental disability retirement benefits based upon injuries sustained in incidents which occurred on October 5, 1978, January 31, 1984 and August 9, 1984. Respondent Comptroller disapproved the application, concluding that two of the incidents did not constitute accidents and that the other incident was not an accident sustained in the performance of petitioner's duties. The cover letter accompanying the disapproval advised petitioner that "[u]nder the provisions of the Retirement and Social Security Law governing the situation, you or your counsel may within four months from date hereof serve a written demand upon the Comptroller for a hearing and redetermination of your claim".

Instead of demanding a hearing, petitioner commenced proceeding No. 1, seeking CPLR article 78 review of the

Comptroller's disapproval of her application. Respondents moved to dismiss the proceeding based upon petitioner's failure to exhaust available administrative remedies. Supreme Court granted the motion and denied petitioner's request that the matter be remanded to the Comptroller for a hearing, concluding that the latter relief could not be granted since the statutory four-month period within which to demand a hearing had passed. Upon reargument, Supreme Court adhered to its original decision.

Petitioner took an appeal to this court from the judgment in proceeding No. 1 and thereafter filed another application for accidental disability retirement benefits based upon the same injuries sustained in the same three incidents upon which the prior application was based. Respondent New York State Employees' Retirement System refused to process petitioner's second application due to the disapproval of the prior identical application and the expiration of the four-month period for administrative review of that disapproval. Petitioner's request for a hearing on the refusal to process her application was denied due to the pending appeal in proceeding No. 1. Petitioner then commenced proceeding No. 2, pursuant to CPLR article 78, seeking to compel respondents to process, consider and accept petitioner's second application. Supreme Court granted respondents' motion to dismiss the petition in proceeding No. 2.

In her appeal in proceeding No. 1, petitioner contends that respondents should be estopped from asserting petitioner's failure to exhaust administrative remedies. Petitioner bases her estoppel claim on the notice contained in the cover letter accompanying the Comptroller's disapproval of her initial application. According to petitioner, the notice is misleading and legally insufficient since it used the word "may" instead of "must" and failed to advise petitioner that judicial review was conditioned upon her exhaustion of available administrative remedies. The doctrine of estoppel is not applicable in these circumstances (see, Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 94, n 1). Had petitioner followed the procedure described in the notice which she contends was inadequate, she would have avoided the procedural roadblock to judicial review which resulted in the dismissal of proceeding No. 1. We conclude that the notice adequately advised petitioner of her right to a hearing if she made a timely demand (see, Matter of Carassavas v New York State Dept. of Social Servs., 90 AD2d 630), and her failure to pursue an available administrative remedy precludes resort to article 78

relief *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375; *Matter of Ward v Chesworth,* 125 AD2d 912, 914, *lv denied* 69 NY2d 610).

In proceeding No. 2, Supreme Court viewed the petition as another attempt to obtain judicial review of the initial disapproval by the Comptroller and, therefore, granted respondents' motion to dismiss for failure to exhaust administrative remedies. We disagree. In proceeding No. 2, petitioner seeks to compel respondents to process her second application, and as to this second application it appears that petitioner did exhaust her administrative remedies by requesting a hearing after the Retirement System refused to process her application. Nevertheless, we conclude that dismissal of the petition is appropriate. In order to obtain the relief she seeks, petitioner must show a clear legal right to have her application processed *(see, Matter of Blase v Axelrod,* 67 NY2d 642, 644), and this she has failed to do. The relevant statutory provisions (Retirement and Social Security Law §§ 63, 74) do not require respondents to accept and process successive applications seeking identical relief based upon identical facts and circumstances. Construing the statutes as containing such a requirement would effectively abrogate the statutory four-month limitations on administrative review *(see,* Retirement and Social Security Law § 74 [d]) and judicial review *(see,* CPLR 217). Petitioner contends that her second application should have been accepted and processed because a change in the law affecting her entitlement to accidental disability retirement benefits occurred subsequent to the disapproval of her prior application. This argument cannot prevail, however, since the case upon which she relies as changing the law *(Matter of McCambridge v McGuire,* 62 NY2d 563) was handed down several months prior to the Comptroller's disapproval of petitioner's initial application.

The judgments dismissing each of the two petitions should therefore be affirmed.

Judgments affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.