■ PATRICIA M. MARSH et al., Appellants, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [738 NYS2d 438] —Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 22, 2001 in Albany County, which granted defendants' motion to dismiss the complaint as time barred.

Supreme Court properly dismissed as time barred the instant action commenced by plaintiffs, tier I retirees in defendant New York State and Local Employees' Retirement System. The essence of plaintiffs' claims is that each is entitled to more service credit than calculated for them upon their respective retirements. The record reveals that plaintiff Patricia M. Marsh received a service credit determination by letter dated April 25, 1997 clearly advising her of the Retirement System's determination to prorate certain of her service credit because she worked part time at various points in her State employment. She ultimately retired on March 30, 2000.

As for plaintiff Nicholas J. Vianna, who retired on January 1, 1997, he was advised of the calculation of his service credit (i.e., 17.37 years) by a "General Estimate" dated August 8, 1996 and thereafter received a final calculation of retirement allowances based on this 17.37-year figure by letter dated April 11, 1997. Thus, he had been advised, at the very latest, on April 11, 1997 that he would not be receiving anticipated service credit for certain of his State service over the years. At no point in time did either Marsh or Vianna request an administrative hearing and redetermination of their retirement benefits specifically contesting the calculation of their service credits (see, Retirement and Social Security Law § 74 [c], [d]; § 374 [c], [d]). Nor did either challenge any final determination of their retirement benefits in a CPLR article 78 proceeding (see, id.). Rather, in December 2000, they commenced the instant declaratory judgment action.

Where, as here, a "proceeding has been commenced in the form of a declaratory judgment action, for which no specific statute of limitations is prescribed, 'it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' in order to resolve

which Statute of Limitations is applicable" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-201, quoting *Solnick v Whalen*, 49 NY2d 224, 229). We reject plaintiffs' characterization of the instant action as entailing matters of constitutional and contractual dimension, such that a six-year statute of limitations applies. Upon our review of the complaint, it is abundantly clear that plaintiffs are simply challenging the calculation of their respective service credits, albeit by attacking a nearly 25-year-old internal administrative proration procedure of the Retirement System, as well as an administrative regulation codifying such procedure (i.e., 2 NYCRR part 370). The remedy for the belief that service credit has been miscalculated is expressly governed by statute.

Retirement and Social Security Law §§ 74 and 374 vest defendant Comptroller with the exclusive authority to determine applications for retirement allowances and benefits (*see*, Retirement and Social Security Law § 74 [b]; § 374 [b]), including the calculation of service credits (*see, e.g., Matter of Mancuso v Regan*, 190 AD2d 948; *Matter of Cassidy v Regan*, 160 AD2d 1210; *see also*, Retirement and Social Security Law §§ 41, 341). These statutes mandate that a retiree dissatisfied with any aspect of his or her retirement package seek relief from the Comptroller by requesting a hearing and redetermination and, upon final determination of the Comptroller, seek further relief in a CPLR article 78 proceeding, which is governed by a four-month statute of limitations.

Here, despite apparent disagreement with the calculation of their respective service credits, plaintiffs failed to timely avail themselves of the requirements of Retirement and Social Security Law §§ 74 and 374. The "simple expedient of denominating the [instant] action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette, supra* at 201) and characterizing the matter as one of constitutional and contractual dimension does not cure this fatal inaction on plaintiffs' part (*see, e.g., Matter of Roebling Liqs. v Urbach*, 245 AD2d 829, 829-830, *appeal dismissed, lv denied* 91 NY2d 948; *Goodman v Regan*, 151 AD2d 958). Indeed, as reiterated by this Court, if the rights the parties are seeking to have adjudicated in a declaratory judgment action could have been raised in a proceeding having a statutorily prescribed limitation period, then that specific limitations period will govern (*see, Wechsler v State of New York*, 284 AD2d 707, 708, *lv denied* 97 NY2d 607; *Matter of Aubin v State of New York*, 282 AD2d 919, 921, *lv denied* 97 NY2d 606; *Matter of Save the Pine Bush v Town Bd. of Town of Guilderland*, 272 AD2d 689, 691; *Matter of Frontier*

*Ins. Co. v Town Bd. of Town of Thompson*, 252 AD2d 928, 929). Plaintiffs' rights, if any, could have been, indeed should have been, raised in a CPLR article 78 proceeding following timely review by the Comptroller and therefore the four-month statute of limitations governs. Hence, Supreme Court did not err in dismissing the action on statute of limitations grounds.

Mercure, J.P., Crew III, Spain and Lathinen, JJ., concur. Ordered that the order is affirmed, without costs.