■ In the Matter of JAMES F. MOTTA, Appellant, v H. CARL McCALL, as State Comptroller and Administrator of the New York State and Local Retirement System, et al., Respondents. [750 NYS2d 796] —Kane, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 14, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for, inter alia, failure to exhaust administrative remedies.

Petitioner was a firefighter employed by the City of Albany from February 1978 until August 1998, when he retired. Three years prior to his retirement, petitioner participated in a preferred overtime program whereby any firefighters who indicated their intent to retire would enjoy a preference in the delegation of overtime hours. Petitioner's average salary was computed for the purposes of his retirement benefit using his salary for the last three years of his employment. On September 11, 1998, the City provided the New York State Police and Fire Retirement System (hereinafter Retirement System) with a certified statement of accrued payments and leave credits used to calculate petitioner's retirement benefits, which was later corrected on January 5, 1999. Petitioner was then provided a final calculation of his retirement benefits by letter dated January 12, 1999.

Thereafter, on April 7, 1999, petitioner requested an explanation of all calculations used by respondent Comptroller to determine his benefits, to which the Comptroller responded by letter dated May 3, 1999. Then, on July 19, 1999, petitioner requested additional information from the Comptroller about whether overtime earned by petitioner had been included in his final average salary. By letter dated August 25, 1999, the Retirement System informed petitioner that no such information was received from the City and by letter dated October 15, 1999, the City stated that, based on its records, it was impossible for it to accurately calculate "the overtime amounts paid to City firefighters through their participation in [the] preferred overtime program." On November 26, 1999, petitioner demanded to have his retirement benefits recalculated based upon his overtime earnings. By notice of petition dated March 21, 2001, petitioner commenced this proceeding claiming that his overtime was improperly excluded from the calculations used in determining his retirement benefits and sought to compel respondents to recalculate his final average salary and retirement benefits.

We find that Supreme Court properly dismissed the petition based upon petitioner's failure to exhaust his administrative remedies. Pursuant to the Retirement and Social Security Law, in order to challenge a retirement benefit determination made by the Comptroller, the applicant must serve a written demand for a hearing and redetermination within four months after the Comptroller's mailing of the notice of benefits (*see* Retirement and Social Security Law § 374 [d]). Following this hearing, a final determination is rendered, which is subject to review only through a CPLR article 78 proceeding (*see* Retire-

ment and Social Security Law § 374 [d]). Here, the Comptroller's determination of petitioner's retirement benefits was mailed on January 12, 1999, giving petitioner until May 12, 1999 to file a demand for a hearing. Petitioner failed to file such a demand, merely requesting a clarification of how his benefit was determined. Petitioner's November 26, 1999 letter to the Comptroller, requesting a redetermination of his benefits, came six months after the Comptroller's May 3, 1999 letter and 10 months after the Comptroller's January 12, 1999 mailing of the final calculation notice. Since petitioner neglected to file a demand within the statutory time limits set forth in Retirement and Social Security Law § 374 (d), Supreme Court properly found that he failed to exhaust his administrative remedies and was precluded from seeking a remedy through an article 78 proceeding (*see Matter of Schaefer v New York State Employees' Retirement Sys.*, 136 AD2d 835, 836, *lv denied* 71 NY2d 806; *see also Marsh v New York State & Local Employees' Retirement Sys.*, 291 AD2d 713, 714).

We have examined petitioner's remaining contentions and found them to be without merit.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.