■ In the Matter of STEPHEN J. COLE-HATCHARD, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [772 NYS2d 415]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 4, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Petitioner, a member of respondent Town of Clarkstown Police Department, was injured on the job in 1997. His subsequent applications for accidental disability and performance of duty disability retirement benefits were denied and those denials were upheld on appeal (*Matter of Cole-Hatchard v McCall*, 305 AD2d 913 [2003], *lv denied* 100 NY2d 512 [2003]). Similarly, his application for General Municipal Law § 207-c benefits was also denied and this denial was also upheld on appeal (*Matter of Cole-Hatchard v Sherwood*, 309 AD2d 933 [2003], *lv dismissed* 1 NY3d 593 [2004]). In the instant matter, petitioner challenges the determination of respondent Comptroller denying him retirement system service credit for the period of time that he was out of work and receiving workers' compensation benefits for his job-related injury.

The procedure for challenging a retirement system service credit determination is to request a hearing and redetermination, and, if one is dissatisfied with the final determination, to

commence a CPLR article 78 proceeding (*see Marsh v New York State & Local Employees' Retirement Sys.*, 291 AD2d 713, 714 [2002]). The record reflects that the Comptroller has granted petitioner's request for a hearing pursuant to Retirement and Social Security Law § 374, albeit subsequent to the filing of the petition in this matter. As petitioner failed to exhaust his administrative remedies before commencing this proceeding, Supreme Court properly dismissed his petition against the Comptroller (*see* CPLR 7801 [1]). In this context, we specifically reject petitioner's contention that constitutional issues are sufficiently implicated to justify an exception to the general rule that administrative remedies be exhausted prior to judicial review (*see Arbor Hill Partners v New York State Commr. of Hous. & Community Renewal*, 267 AD2d 675, 676 n [1999]).

We also find that Supreme Court properly dismissed the petition as to the municipal respondents. The gist of petitioner's claim against respondent Town of Clarkstown and its police department is that the method by which his workers' compensation benefits were paid had an adverse impact on the determination of his retirement service credits. Since the Comptroller has exclusive authority to determine such matters (*see Marsh v New York State & Local Employees' Retirement Sys., supra* at 714), the appropriate forum for resolution of this aspect of petitioner's claim is the promised administrative hearing.

To the extent not specifically addressed, petitioner's remaining arguments have been considered and rejected.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.