■ In the Matter of TOWN OF OLIVE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [881 NYS2d 228]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered February 29, 2008 in Ulster County, which, among other things, converted an action for declaratory judgment into an application pursuant to CPLR article 78 and granted respondents' cross motion for, among other things, summary judgment dismissing the petition.

Pursuant to the Water Supply Act of 1905, respondent New York City Department of Environmental Protection (hereinafter DEP) maintains and controls an infrastructure of 19 reservoirs located in a 1,969-square-mile radius both north and west of respondent City of New York (hereinafter City) that supply water to approximately nine million residents of the state (*see* Environmental Protection and Utilities Law [Administrative Code of City of NY] § 24-356; L 1905, chs 724, 314). One of these reservoirs—the Ashokan Reservoir—is located in the Towns of Olive and Hurley, Ulster County and is transversed by Monument Road.[1] Monument Road was constructed to replace the roadways lost as a result of the construction of the Ashokan Reservoir and the City is responsible for its maintenance, upkeep and control (*see* Environmental Protection and Utilities Law [Administrative Code of City of NY] §§ 24-302, 24-356; L 1905, ch 724, § 35).

In response to the events of September 11, 2001, Monument Road was closed for public use. In January 2002, it was reopened and remained accessible to all vehicular traffic until March 2003 when, as the result of a confidential risk assessment

---

1. The Ashokan Reservoir supplies approximately 40% of the City's drinking water each day.

performed by the U.S. Army Corps of Engineers, DEP determined that it was necessary to permanently close Monument Road to all non-emergency traffic to insure the integrity of the water in the reservoir and to safeguard it from possible sabotage.[2] The public was notified of the closure of Monument Road on March 20, 2003, and traffic in the area was rerouted to State Route 28A, which essentially runs parallel to Monument Road.

Four years after the closure of the road—in March 2007—petitioners commenced this lawsuit as an action seeking a declaration that the closure of Monument Road was in violation of the Water Supply Act of 1905, an order directing the immediate reopening of Monument Road to all vehicular traffic and/or a judgment in the amount of $5,000,000 to pay for the costs that would be incurred to restructure Route 28A to guarantee that it would be safe for vehicular traffic.[3] Petitioners moved for summary judgment on the amended complaint.[4] Respondents cross-moved for leave to amend the answer to include a defense that the action is barred by the statute of limitations and, upon conversion of the action to a CPLR article 78 proceeding, sought summary judgment dismissing the amended complaint as untimely. Petitioners opposed the relief sought by respondents and cross-moved for leave to further amend the complaint to add a new cause of action.[5] Supreme Court granted respondents' motion for leave to amend the answer, converted the action to a CPLR article 78 proceeding and granted respondents' motion for summary judgment dismissing the petition. Petitioners now appeal.

---

2. The U.S. Army Corps of Engineers determined that access to the Olive Bridge Dam and Ashokan Reservoir via Monument Road left the Dam and Reservoir "particularly vulnerable" to a terrorist attack.

3. As an alternative to the reopening of the road, petitioners suggested the implementation of an "EZ Pass system" for residents of both towns so that they could have regular access and use of Monument Road. Petitioners assert that Route 28A is an unacceptable alternative to Monument Road because of its configuration and because it substantially increases the time it takes local residents to travel in the relevant area. In this regard, the record indicates that DEP has sought to reconstruct and improve Route 28A so as to shorten the extended travel time caused by the closure of Monument Road, as well as address the construction and safety concerns raised by petitioners.

4. Petitioners had filed, but not served, an original complaint.

5. Curiously, petitioners' amendment claims that if respondents' representations are true as to the threat of an attack presented by the Ashokan Reservoir, the entire Reservoir should be immediately closed "so as to avert a terrorist attack." It also sought a judgment requiring the City to implement an evacuation plan in the event of such an attack on the Reservoir. However, the City, pursuant to its statutory obligation, already has in place such a plan entitled "The Olive Bridge Dam of Ashokan Reservoir Emergency Action Plan" (ECL 15-0507 [1]).

Petitioners assert that Supreme Court erred by converting the action to a CPLR article 78 proceeding and applying a four-month statute of limitations. We disagree. While a declaratory judgment action typically enjoys a six-year statute of limitations (*see* CPLR 213 [1]; *Trager v Town of Clifton Park,* 303 AD2d 875, 876-877 [2003]), if a claim "could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 201 [1994]; *see Solnick v Whalen,* 49 NY2d 224, 229-230 [1980]). Looking at the substance of petitioners' claims, we agree with Supreme Court that "the relationship out of which the claim arises and the relief sought" by petitioners more properly arises within the context of a CPLR article 78 proceeding (*Solnick v Whalen,* 49 NY2d at 229). In that regard, the amended complaint alleges that respondents' closure of Monument Road was arbitrary and capricious and a decision that did not have a rational or legitimate basis (*see* CPLR 7803; *Matter of Newton v Town of Middletown,* 31 AD3d 1004, 1007 [2006]; *Schulz v Town Bd. of Town of Queensbury,* 253 AD2d 956, 956-957 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 808[1999]). In fact, petitioners acknowledge within the amended complaint that their claim "combines aspects of an [a]rticle 78 proceeding," inasmuch as it constitutes a challenge to respondents' administrative actions resulting in the closure of Monument Road to vehicular traffic. As such, Supreme Court properly concluded that this matter should have been brought pursuant to CPLR article 78 (*see* CPLR 217 [1]; *Walton v New York State Dept. of Correctional Servs.,* 8 NY3d 186, 194 [2007]).

A CPLR article 78 proceeding must be commenced within four months after the challenged determination has become "final and binding" (CPLR 217 [1]) or, put another way, when it inflicts an " 'actual, concrete injury' " upon the petitioner (*Walton v New York State Dept. of Correctional Servs.,* 8 NY3d at 194, quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.,* 5 NY3d 30, 34 [2005]; *see Matter of Riverkeeper, Inc. v Crotty,* 28 AD3d 957, 960 [2006]). There is no question that respondents' determination to close Monument Road became final and binding on March 20, 2003, when it publicly announced on DEP's Web site that Monument Road would be closed. As of that date, petitioners suffered a concrete injury as the direct result of this decision, and this proceeding was properly dismissed because it was commenced well after the four-month period allowed by the statute of limitations had expired.

Petitioners' remaining contentions not specifically addressed herein have been considered and are without merit.

Cardona, P.J., Mercure, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.