■ In the Matter of JOHN CONNOR et al., Appellants, v TOWN OF NISKAYUNA et al., Respondents. [917 NYS2d 759]—

Peters, J.

Petitioners began employment as police officers with respondent Town of Niskayuna between September 1997 and July 2000. Prior to their first day of work, each submitted to the New York State and Local Retirement System an application for enrollment that included an election form advising them of the availability of two optional retirement plans provided by Retirement and Social Security Law §§ 384 and 384-d. Such application stated that an election to become a member of either optional retirement plan must be filed within one year of becoming a police officer or member of the Retirement System, as

required by statute (*see* Retirement and Social Security Law § 384 [b]; § 384-d [a]). As none of the petitioners filed an election to become a member of either of the two optional plans when they submitted their applications, they were automatically enrolled in the retirement plan provided by Retirement and Social Security Law § 375-c.

In 2008, each petitioner filed an application for enrollment in the section 384-d retirement plan. Respondent Comptroller thereafter issued to each petitioner a written determination declining to process his application because the statutory one-year election period had expired. Petitioners then commenced this CPLR article 78 proceeding seeking to compel the Comptroller to accept their applications and to make all contributions required in connection with their membership in the section 384-d retirement plan. Supreme Court dismissed the petition on the ground that petitioners failed to exhaust their administrative remedies, prompting this appeal.

We affirm. "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]). Pursuant to the Retirement and Social Security Law, the procedure for challenging a retirement benefit determination made by the Comptroller is to request a hearing and redetermination and, upon final determination of the Comptroller, to commence a CPLR article 78 proceeding (*see* Retirement and Social Security Law § 374 [d]; *Matter of Cole-Hatchard v McCall*, 4 AD3d 715, 715-716 [2004]; *Matter of Motta v McCall*, 300 AD2d 803, 804 [2002]).

Here, despite dissatisfaction with the Comptroller's decision to reject their applications as untimely, petitioners failed to avail themselves of the requirements of Retirement and Social Security Law § 374 (d). Contrary to petitioners' contention, the Comptroller's written refusal to process their applications constituted a "determination" within the meaning of Retirement and Social Security Law § 374 (c) that could have been challenged by requesting a hearing and redetermination (*see Matter of Schaefer v New York State Employees' Retirement Sys.*, 136 AD2d 835, 837 [1988], *lv denied* 71 NY2d 806 [1988] [finding that the petitioner exhausted her administrative remedies by requesting a hearing and redetermination after the Retirement System refused to process her application]; *see also Matter of Geraghty v Reilly*, 129 AD2d 704, 706 [1987], *lv denied* 70 NY2d 615 [1988]). As petitioners failed to exhaust their administra-

tive remedies before commencing this CPLR article 78 proceeding, Supreme Court properly dismissed the petition (*see* CPLR 7801 [1]; *Matter of Cole-Hatchard v McCall*, 4 AD3d at 716; *Matter of Motta v McCall*, 300 AD2d at 805; *Matter of Geraghty v Reilly*, 129 AD2d at 705-706).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.