Egan Jr., J.
Plaintiffs are the respective owners of two adjacent commercial properties located in the Town of Schodack, Rensselaer County. Although plaintiffs’ properties are situated within the now former Town of Schodack Water Improvement District No. 5 and Town of Schodack Sewer District No. 6, pursuant to the terms of various intermunicipal agreements, plaintiffs actually receive their water and sewer services from the Town of East Greenbush, Rensselaer County. Following public hearings in August 2009, defendant Town Board of the Town of Schodack passed a resolution creating Consolidated Water District No. 101 to encompass various water districts within the Town of Schodack, including District No. 5. Thereafter, in October 2009, the Board passed another resolution setting the 2010 water rates to be applied to Consolidated Water District No. 101 and confirming the assessment roll for properties located within its boundaries.
Plaintiffs received their 2010 municipal tax bills in December 2009 and, in July 2010, commenced this declaratory judgment action contending that the water and sewer charges were excessive, lacked a rational basis and constituted an unconstitutional tax upon their properties. Defendants answered and raised the statute of limitations as an affirmative defense. Plaintiffs then moved for summary judgment and Supreme Court granted the motion, finding that the fees imposed lacked a rational basis. This appeal by defendants ensued.
We reverse. “Although declaratory judgment actions are typically governed by a six-year statute of limitations, if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period *1089 governs, then such shorter period must be applied” (Trager v Town of Clifton Park, 303 AD2d 875, 876 [2003] [citations omitted]; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 200-201 [1994]; Matter of Town of Olive v City of New York, 63 AD3d 1416, 1418 [2009]). Where, as here, “governmental activity is being challenged, the immediate inquiry is whether the challenge could have been advanced in a CPLR article 78 proceeding” (Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson, 252 AD2d 928, 929 [1998]; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 201). That inquiry, in turn, requires us “to examine the substance of [the] action to identify the relationship out of which the claim arises and the relief sought” (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 201 [internal quotation marks and citation omitted]; see Matter of Town of Olive v City of New York, 63 AD3d at 1418; Trager v Town of Clifton Park, 303 AD2d at 876; Marsh v New York State & Local Employees’ Retirement Sys., 291 AD2d 713, 713 [2002]; Matter of Aubin v State of New York, 282 AD2d 919, 921 [2001], lv denied 97 NY2d 606 [2001]).
Here, a review of the underlying complaint reveals that plaintiffs’ claims center upon the overall assignment of “benefit units” to Consolidated Water District No. 101, the allocation of those benefit units to the individual properties contained within its borders and the analysis — or perceived lack thereof — of the level of benefit to the individual properties as the result of the consolidation and/or the capital improvements made in conjunction therewith. Such rate-fixing or fee-setting activities are properly viewed as “quasi-legislative act[s]” (Matter of Valentino v County of Tompkins, 45 AD3d 1235, 1236 [2007]) and, as such, are reviewable in the context of a CPLR article 78 proceeding (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 203-204; Matter of Valentino v County of Tompkins, 45 AD3d at 1236; Trager v Town of Clifton Park, 303 AD2d at 877-878; cf. Matter of Bassett Mtn. Recreation Ctr. v Town of Jay Bd. of Assessors, 232 AD2d 934, 934 [1996]; see generally NYCTL 1998-2 Trust v T. Jan Realty Corp., 63 AD3d 810, 811 [2009]). To the extent that plaintiffs attempt to couch their claims in constitutional terms, we note that “[t]he simple expedient of denominating the [instant] action [as] one for declaratory relief and characterizing the matter as one of constitutional . . . dimension does not cure” plaintiffs’ failure to comply with the four-month statute of limitations applicable to CPLR article 78 proceedings (Marsh v New York State & Local Employees’ Retirement Sys., 291 AD2d at 714 [internal quotation marks and citation omitted]; see Matter of Town of Olive v City of New *1090 York, 63 AD3d at 1418; Matter of Aubin v State of New York, 282 AD2d at 921-922). Accordingly, plaintiffs’ claims are time-barred.
Peters, EJ., Rose, Spain and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and complaint dismissed.