# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

261
CA 14-01650
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

MARLIN LYNDAKER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION OF WEST CANADA VALLEY CENTRAL
SCHOOL DISTRICT, WEST CANADA VALLEY CENTRAL
SCHOOL DISTRICT AND JOHN BANEK, SUPERINTENDENT,
WEST CANADA VALLEY CENTRAL SCHOOL DISTRICT,
DEFENDANTS-APPELLANTS.

---

GIRVIN & FERLAZZO, P.C., ALBANY (CHRISTOPHER J. HONEYWELL OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

MARTIN & RAYHILL, P.C., UTICA (KEVIN G. MARTIN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered December 10, 2013.  The order denied defendants' motion to dismiss the complaint against defendants Board of Education of West Canada Valley Central School District and West Canada Valley Central School District.

It is hereby ORDERED that said appeal by defendant John Banek, Superintendent, West Canada Valley Central School District is unanimously dismissed and the order is modified on the law by granting defendants' motion in part and dismissing the second and third causes of action in their entirety, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff, a retired teacher, commenced this action alleging that defendants failed to process his application for enrollment in the New York State & Local Retirement System (NYSLRS) and that such failure deprived him of additional service credit for his part-time employment with defendant West Canada Valley Central School District (District), which in turn resulted in him losing certain pension benefits.  Defendants filed a pre-answer motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).  During oral argument on the motion, plaintiff consented to dismissing the action against defendant John Banek, Superintendent, West Canada Valley Central School District.  Supreme Court denied the motion with respect to the remaining defendants, and all three defendants appeal.  We note at the outset that Banek is not aggrieved by the order appealed from, and we thus dismiss his appeal (*see* CPLR 5511).  We agree with the remaining defendants that the court erred in

denying those parts of the motion seeking to dismiss the second and third causes of action against them for failure to state a cause of action, and we therefore modify the order accordingly.

We agree with defendants that the court erred in denying that part of the motion seeking dismissal of the second cause of action insofar as it alleges a breach of fiduciary duty.  It is well settled that a fiduciary relationship does not exist between a school district as employer and a teacher as employee (*see Lasher v Albion Cent. Sch. Dist.*, 38 AD3d 1197, 1198; *see generally Matter of Lorie DeHimer Irrevocable Trust*, 122 AD3d 1352, 1352-1353).  We also agree with defendants that the court erred in denying that part of the motion seeking dismissal of the second cause of action insofar as it alleges a violation of the Employee Retirement Income Security Act of 1974 ([ERISA] 29 USC § 1001 *et seq.*).  ERISA does not apply where, as here, the employee benefit plan is a governmental plan (*see* § 1003 [b] [1]).

We further agree with defendants that the court erred in denying that part of their motion seeking to dismiss the third cause of action, which alleges violations of New York's Education Law and Retirement and Social Security Law.  We conclude that plaintiff does not have a private right of action under those laws.  Where, as here, the crux of plaintiff's third cause of action is that defendants' actions resulted in the improper reporting of his service credits to the State Retirement System, "the appropriate forum for resolution of this aspect of [plaintiff's cause of action] is the promised administrative hearing" pursuant to Retirement and Social Security Law § 74 (d) (*Matter of Cole-Hatchard v McCall*, 4 AD3d 715, 716).  The State Comptroller has exclusive jurisdiction to determine such matters (*see Marsh v New York State & Local Employees' Retirement Sys.*, 291 AD2d 713, 714).  Because Retirement and Social Security Law § 74 provides the exclusive remedy for the alleged wrongful act asserted in plaintiff's third cause of action, the court erred in recognizing a separate, private right of action inconsistent with the legislative scheme (*see generally McLean v City of New York*, 12 NY3d 194, 200-201; *Negrin v Norwest Mtge.*, 263 AD2d 39, 47).

Contrary to defendants' contention, we conclude that the court properly denied that part of the motion seeking dismissal of the remaining three causes of action as time-barred pursuant to CPLR 3211 (a) (5).  With respect to that part of their motion, defendants had " 'the initial burden of establishing prima facie that the time in which to sue has expired' " (*Larkin v Rochester Hous. Auth.*, 81 AD3d 1354, 1355).  The applicable limitations period for the first and fourth causes of action, alleging unjust enrichment, and breach of applicable collective bargaining agreements and implied contracts, respectively, is one year from accrual (*see* Education Law § 3813 [2-b]).  We conclude that the limitations period for the first cause of action alleging unjust enrichment " 'start[ed] to run upon the occurrence of the wrongful act giving rise to a duty of restitution' " (*Boardman v Kennedy*, 105 AD3d 1375, 1376; *see North Salem Cent. Sch. Dist. v Mahopac Cent. Sch. Dist.*, 1 AD3d 418, 419, *lv dismissed in part and denied in part* 1 NY3d 620).  We conclude that the alleged wrongful act occurred no earlier than May 18, 2012, when defendants

could have but failed to rectify the oversight that resulted in plaintiff losing certain pension benefits.  The complaint alleges that, at a meeting on May 18, 2012, plaintiff received notification from the District that, despite being eligible for enrollment in NYSLRS, he was not going to be retroactively enrolled and thus would not receive certain pension benefits.  The complaint further alleges that the District assured plaintiff that the error would be rectified.  We conclude that, when the District thereafter failed to rectify the error, it wrongfully withheld property from plaintiff (*see generally Sitkowski v Petzing*, 175 AD2d 801, 802).  Inasmuch as plaintiff served a timely notice of claim on August 17, 2012, and commenced this action within one year of that meeting, we conclude that the cause of action alleging unjust enrichment is not time-barred.

With respect to the fourth cause of action, alleging breach of applicable collective bargaining agreements and implied contracts, "a claim accrues when the damages accrue, i.e., when the extent of damages is readily ascertainable" (*Polce v Clinton Cent. Sch. Dist.*, 214 AD2d 997, 998, *lv denied* 86 NY2d 706; *see* Education Law § 3813 [1]).  We conclude that plaintiff's claim with respect to the alleged breach accrued no earlier than May 18, 2012, when defendants notified plaintiff that his retirement benefits would not include the service credits for his part-time employment (*see Bellanca v Grand Is. Cent. Sch. Dist.*, 275 AD2d 944, 945).  Inasmuch as plaintiff served a timely notice of claim on August 17, 2012 and commenced the action within one year of accrual, we conclude that the fourth cause of action is not time-barred.

We reject defendants' contention that the fifth cause of action, alleging negligence, is time-barred.  "[A] tort cause of action cannot accrue until an injury is sustained . . . That, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94).  We conclude that plaintiff sustained an injury for purposes of the negligence cause of action when he received his retirement check that did not include benefits for his part-time employment; that is when all elements of the negligence action could be "truthfully alleged" (*id.*).

Defendants advance several other contentions on appeal in support of their position that the remaining causes of action fail to state a cause of action.  We note, however, that defendants' submissions in support of their motion do not contain those contentions and, thus, the contentions are not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  To the extent that such contentions were included in defendants' memorandum of law submitted in support of the motion, we note that the memorandum of law is not part of the record on appeal, and "no issue of preservation of a legal issue is presented" (*Zawatski v Cheektowaga-Maryvale Union Free Sch. Dist.*, 261 AD2d 860, 860, *lv denied* 94 NY2d 754; *cf. Capretto v City of Buffalo*, 124 AD3d 1304, 1307; *see generally Oram v Capone*, 206 AD2d 839, 840).

In light of our determination, we do not address defendants'

remaining contention.