Lakeview Outlets Inc. v Town of Malta (2018 NY Slip Op 08224)





Lakeview Outlets Inc. v Town of Malta


2018 NY Slip Op 08224


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

526297

[*1]LAKEVIEW OUTLETS INC., Appellant,
v
TOWN OF MALTA, Respondent.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Goldman Attorneys PLLC, Albany (Paul J. Goldman of counsel), for appellant.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Mark Schachner of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Crowell, J.), entered May 16, 2017 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
In 2006, defendant's Town Board adopted the findings of a generic environmental impact statement (hereinafter GEIS) that was commissioned, in accordance with the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), for the purpose of evaluating the potential cumulative impacts associated with the anticipated growth and development within the community over the ensuing 10-year period. Based upon the estimated open space, traffic and recreational impacts from the anticipated future development, the GEIS provided for the assessment of mitigation fees to developers. The GEIS further provided that any "future action associated with development in the Town . . . undertaken in conformance with the baseline conditions established in th[e] GEIS or [the Town Board's] Finding Statement" would not be subject to further SEQRA review (see 6 NYCRR 617.10). In July and August 2014, defendant's Zoning Board of Appeals determined that plaintiff's plans to develop a restaurant and a hotel (hereinafter collectively referred to as the projects) within a previously-established business park were consistent with the GEIS and Finding Statement, such that no further SEQRA review was required. Consistent with the GEIS and Finding Statement, plaintiff was assessed mitigation fees for the projects totaling roughly $268,406.
In February 2016, plaintiff commenced this action seeking, among other things, a declaration that the mitigation fees are illegal and directing defendant to refund the fees paid. Following joinder of issue and discovery, plaintiff moved for summary judgment. Defendant thereafter filed two motions that, in relevant part, sought to amend its answer to assert the affirmative defense of statute of limitations and to dismiss the complaint on that basis. Supreme Court denied plaintiff's motion, granted defendant's motions and dismissed the complaint both on statute of limitations grounds as well as on the merits. Plaintiff now appeals.
Pursuant to CPLR 3025 (b), "[a] party may amend [its] pleading . . . at any time by leave of court." When leave is sought to amend a pleading, "the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1265-1266 [2018] [internal quotation marks and citations omitted]; see Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1169 [2017]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017]). Absent a clear abuse of discretion, a trial court's decision as to whether to grant leave to amend a pleading will not be disturbed (see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1247 [2018]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 103).
Plaintiff claims that defendant's nearly one-year delay in seeking to amend the answer to assert a statute of limitations defense, made following the completion of discovery and after plaintiff moved for summary judgment, caused it significant prejudice. Delay alone, however, does not warrant denial of a motion for leave to amend (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Tri-Tec Design, Inc. v Zatek Corp., 123 AD3d 420, 420 [2014]), and plaintiff's contention that its expenditure of time and resources in preparation for the trial constitutes prejudice requiring denial of defendant's motion is without merit. Prejudice in this context exists "where a party has incurred some change in position or hindrance in the preparation of its case which could have been avoided had the original pleading contained the proposed amendment" (Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 293 [1998]; see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]; Crawford v Burkey, 93 AD3d 1134, 1135 [2012]; Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [2011]). No such showing has been made by defendant here. Moreover, plaintiff does not concede that this action is untimely, and "there is nothing in the record to suggest that the time and effort expended in discovery would not have been necessary in any event to prosecute plaintiff's claim[s]" (Mushatt v Tompkins Community Hosp., 228 AD2d 925, 926 [1996]; see Smith v Haggerty, 16 AD3d 967, 968 [2005]; see also Garrison v Clark Mun. Equip., 239 AD2d 742, 743 [1997]). Accordingly, Supreme Court did not abuse its discretion in granting defendant's motion to amend its answer to assert a statute of limitations defense.[FN1]
With regard to the merit of such defense, the issue distills to whether the action is governed by the four-month statute of limitations applicable to CPLR article 78 proceedings or the six-year limitations period applicable to declaratory judgment actions. "Although declaratory judgment actions are typically governed by a six-year statute of limitations, a court must look to the underlying claim and the nature of the relief sought and determine whether such claim could have been properly made in another form" (Thrun v Cuomo, 112 AD3d 1038, 1040 [2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 865 [2014]; see CPLR 213 [1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987]). "'If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action'" (New York Ins. Assn., Inc. v State of New York, 145 AD3d 80, 87 [2016], lv denied 29 NY3d 910 [2017], quoting Solnick v Whalen, 49 NY2d 224, 229-230 [1980]; see Gress v Brown, 20 NY3d 957, 959 [2012]; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1089 [2012]).
Plaintiff's complaint alleges that the mitigation fees imposed by defendant violated SEQRA and constituted an illegal tax with no demonstrated nexus between the identified impacts from the projects and the mitigation fees imposed. Plaintiff's claims are thus, in substance, a direct attack on the mitigation fee scheme established in the GEIS, which is properly viewed as "an administrative act of defendant's [T]own [B]oard under the circumstances of this case, as opposed to a legislative act, such that any challenge thereto should have been the subject of a CPLR article 78 proceeding" (Trager v Town of Clifton Park, 303 AD2d 875, 877-878 [2003]; see Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d at 1089; Matter of Valentino v County of Tompkins, 45 AD3d 1235, 1236 [2007]). Indeed, it is settled that dissatisfaction with an agency's mitigation measures imposed pursuant to SEQRA is redressable by way of a CPLR article 78 proceeding (see e.g. Matter of Merson v McNally, 90 NY2d 742, 754 [1997]; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 421 [1986]; Matter of Save Southard Rd. Neighborhood Coalition v Town of Saratoga Planning Bd., 35 AD3d 1017, 1021 [2006]). To the extent that plaintiff attempts to couch its claims in constitutional terms, we need only note that "the simple expedient of denominating the instant action as one for declaratory relief and characterizing the matter as one of constitutional dimension does not cure plaintiff['s] failure to comply with the four-month statute of limitations applicable to CPLR article 78 proceedings" (Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d at 1089 [internal quotation marks, brackets, ellipsis and citations omitted]; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 201 [1994]; Kreamer v Town of Oxford, 91 AD3d 1157, 1158-1159 [2012]). Plaintiff's additional request for a refund of any mitigation fees already paid to defendant — which plaintiff now refers to as a cause of action for moneys had and received — is incidental to the primary relief sought and, therefore, is likewise subject to the four-month limitations period (see CPLR 7806; Northern Elec. Power Co., L.P. v Hudson Riv.-Black Riv. Regulating Dist., 122 AD3d 1185, 1188 [2014]; Whitmer v New York State Dept. of Taxation & Fin., 120 AD3d 1590, 1592 [2014]).[FN2]
Having determined that plaintiff's claims are subject to a four-month statute of limitations, we have no trouble concluding that they are time-barred. At the very latest, plaintiff "suffered a concrete injury not amenable to further administrative review and corrective action" when it paid a portion of the mitigation fees on July 31, 2015, August 4, 2015 and August 5, 2015 (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 316 [2006] [internal quotation marks and citation omitted]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of Town of Olive v City of New York, 63 AD3d 1416, 1418 [2009]). Inasmuch as plaintiff did not commence the present action until the end of February 2016, roughly two months after the statute of limitations expired, the complaint was properly dismissed.
Lynch, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Even in the absence of a motion to amend, it would not have been improper for Supreme Court to entertain the unpleaded statute of limitations defense inasmuch as it was raised in defendant's motion for summary judgment, fully opposed by plaintiff in its responsive papers and no surprise or cognizable prejudice resulted from the delay (see Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981]; Green Harbour Homeowners Assn., Inc. v Ermiger, 128 AD3d 1142, 1144 [2015]; Matter of Valentino v County of Tompkins, 45 AD3d 1235, 1237 [2007]; Lerwick v Kelsey, 24 AD3d 918, 919 [2005], lv denied 6 NY3d 710 [2006]).

Footnote 2: Relatedly, we find no error in Supreme Court's refusal to consider the merits of plaintiff's new theory for recovery of a portion of the mitigation fees paid, which was raised for the first time in opposition to defendant's motion for summary judgment (see DeMartino v Kronhaus, 158 AD3d 1286, 1287 [2018]; Price-Linden v State of New York, 119 AD3d 1192, 1192-1193 [2014]; City of Binghamton v Hawk Eng'g P.C., 85 AD3d 1417, 1418 [2011], lv denied 17 NY3d 713 [2011]; Gustavsson v County of Westchester, 264 AD2d 408, 409 [1999]). Under the circumstances, plaintiff should have moved to amend its complaint to assert this new theory of recovery, and the facts upon which it was based, in conjunction with its opposition to defendant's motion (see e.g. MBIA Ins. Corp. v J.P. Morgan Sec., LLC, 144 AD3d 635, 639 [2016]; Alvarado v Beth Israel Med. Ctr., 78 AD3d 873, 874-875 [2010]).