[607 NYS2d 742]

In the Matter of DONALD CONNOR et al., Appellants, v DEER PARK UNION FREE SCHOOL DISTRICT et al., Respondents.

Third Department, February 3, 1994

## APPEARANCES OF COUNSEL

*Harold G. Beyer, Jr.,* Albany, for appellants.

*Cooper, Sapir & Cohen, P. C.,* Hempstead *(Robert E. Sapir* of counsel), for Deer Park Union Free School District, respondent.

*G. Oliver Koppell, Attorney-General,* Albany *(Francis V. Dow* of counsel), for New York State Teachers' Retirement System, respondent.

## OPINION OF THE COURT

WEISS, J.

As part of a plan to reduce the ever-escalating cost of public employees' payroll, reduce layoffs and achieve an orderly work force reduction in this State, the Legislature enacted Laws of 1992 (ch 643) entitled "AN ACT in relation to providing a retirement incentive for certain public employees" (hereinafter the Act) which enabled employees eligible for retirement to receive up to 3 years of additional retirement service credit by opting to retire during a specified open period. In addition, for each 6 years of service, the pension would be increased by 1% up to a maximum of 6% for 36 years of service. Section 6 of the Act provided that the pension enhancement to eligible

employees would not be available to persons who were otherwise entitled to receive a lump sum or another form of retirement incentive pursuant to the terms of a collective bargaining agreement, or by other arrangements with the employer, unless the retiree agreed in writing to waive such payment. The underlying objective of the Act was to cap the 2-year cost of compensation payable to the replacement for a retiree (generally the highest paid by reason of longevity) at one half the base salary that would have otherwise been paid for that period to the employees targeted by retirement incentives.

Respondent Deer Park Union Free School District (hereinafter the District) and the Deer Park Teachers Association, the union representing District teachers, had a collective bargaining agreement in effect which provided in section 10 of article VIII for lump-sum payment equal to one day's pay for each day of accumulated sick leave up to a maximum of 200 days.* As an incentive for early retirement and in order to discourage eligible employees from deferring retirement, the collective bargaining agreement further provided for a reduction in the compensation for accumulated sick leave from 100% payable if retirement is taken in the first year of eligibility to 80% in the second year, 75% in the third year and 70% in the fourth or any succeeding year.

By letter dated September 27, 1992 sent to each teacher, the District Superintendent of Schools gave notice that the open period within which District teachers could retire and obtain the retirement incentives under the Act was between October 1, 1992 and November 13, 1992, and further that retirees were required to waive payment of anything in excess of 70% of the value of their accumulated sick leave. Petitioners are teachers employed by the District eligible for retirement, who allege that they would have retired but for the District's requirement of waiver on the sick leave payout. They commenced this CPLR article 78 proceeding seeking a judgment annulling the action of the District requiring waiver on accumulated sick leave in accordance with section 6 of the Act and directing that they be given the retirement incentives under the Act together with an extension of time within which to elect to retire; alternatively, petitioners sought a judgment requir-

---

* Retiring employees had the option to remain on the payroll with full benefits until the accumulated sick leave was exhausted. Prior to 1986, teachers were paid 100% of their accumulated sick leave upon retirement.

ing the District to pay them the sum equivalent to the retirement incentives provided in the Act. In a well-reasoned opinion, Supreme Court held that the determination by the District and its actions were based upon a reasonable and rational interpretation of section 6 of the Act and were not arbitrary, capricious, an abuse of discretion or otherwise erroneous as a matter of law, and dismissed the petition. This appeal ensued.

■ We note at the outset that because the subject determination was made without a hearing, the "sole question on judicial review of [the] determination is whether it is arbitrary and capricious and without rational basis" *(Catlin v Sobol,* 77 NY2d 552, 561; *see, Matter of Davis v Commissioner of Educ. of State of N. Y.,* 189 AD2d 1046, 1047). We are further instructed that an "[a]rbitrary action is without sound basis in reason and is generally taken without regard to the facts" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). We agree with Supreme Court that it was not arbitrary or capricious to determine that accumulation of sick leave pay above 70% constitutes what the Act states to be "a payment in a lump sum or in another form a retirement incentive pursuant to the provisions of a collective bargaining agreement or by other arrangement with his or her employer" (L 1992, ch 643, § 6 [ii]).

Petitioners have predicated their entire argument upon the interpretation of accumulated sick leave as earned compensation or an earned benefit, which they contend differs significantly from a retirement incentive contemplated by the Act. We cannot agree. An incentive is something which influences or encourages a person to action, a motive, spur or stimulus *(see,* Webster's New 20th Century Dictionary [unabridged 2d ed]). Put another way, a retirement incentive is something that would motivate an individual to retire *(see,* Webster's Third New International Dictionary 1141 [unabridged 1981]). It is reasonable and rational for the Act to determine that a person who postpones or delays retiring will lose a percentage of the value of his or her accumulated sick leave, or conversely that the higher value of payment for accumulated sick leave in the first three years of eligibility is an incentive to retire at the earliest opportunity.

■ We further find unpersuasive petitioners' argument that the comparison of Laws of 1990 (chs 210, 447, 935) with the Act demonstrates that the Legislature did not consider accrued sick leave to be a retirement incentive. It is true that

Laws of 1990 (chs 210, 447, 935) stated that the retirement incentive was not designed to affect payment for accumulative sick leave, while the Act makes neither specific mention of nor provision for accumulated sick leave. We hold that the Legislature's omission was intentional. In the construction of statutes, we are instructed that " ' "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" ' " *(Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665, quoting *Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209; McKinney's Cons Laws of NY, Book 1, Statutes § 240). Because the explicit purposes of the Act were to encourage employees who are paid by reason of longevity of service to retire at the earliest time of eligibility, we are reluctant to impose a counterproductive constraint; rather, we hold it appropriate to approve an interpretation "in accordance with the apparent purpose of the statute" *(People v Eulo,* 63 NY2d 341, 354).

CARDONA, P. J., MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.