■ In the Matter of TERRY L. MILLER, Appellant, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [634 NYS2d 794] —Mikoll, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered July 11, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's application for promotion.

Petitioner has been employed as a Research Scientist IV, G-27 by respondent State Department of Health since 1983. In November 1992, she applied for promotion to Research Scientist V, G-31. Her application was denied by respondents in July 1993 on the ground that she "lack[ed] first-authored peer-reviewed publications and involvement in Wadsworth Center activities, as expected of a senior principal investigator". Respondent Peer Review Board (hereinafter the PRB) of Wadsworth Center for Laboratories and Research (hereinafter Wadsworth Center) found that petitioner's "overall record does not fulfill the criteria for a Grade 31 promotion at this time. Specifically, in the past 5 years, there is not a single first-author peer-reviewed publication."

Petitioner thereafter commenced this proceeding challenging the denial of her application for promotion on the grounds that she was more than qualified for the higher position, that first authorship within the past five years was not mentioned in the guidelines or other criteria for promotion to the higher position, the denial was arbitrary, capricious and an abuse of discretion, and that the relevant guidelines were wrongly altered while her application was being reviewed. Additionally petitioner asserted that the denial of her promotion was unlawful because it was the result of age and gender discrimination.

Respondents' answer denied most of the allegations and claimed that petitioner had also failed to exhaust her administrative remedies prior to commencing the instant proceeding. Respondents also asserted that the issue was moot because petitioner again applied for and was granted the promotion to the higher position.

Subsequently, Supreme Court, in a written decision dismissing the petition, rejected respondents' contentions that petitioner had not exhausted her administrative remedies and that the issue was moot. Supreme Court then opined that the

guidelines "are merely there to determine what would be a minimum acceptable for promotion to the Research Scientist (V) level" and that "[t]he published guidelines allow the [PRB] and [respondent Director of the Wadsworth Center] to consider not only petitioner's past accomplishments, but her recent performance, in deciding whether or not her promotion was appropriate at that time". Supreme Court concluded that the guidelines were reasonable and that there was "nothing to satisfy petitioner's burden to establish that the denial * * * was irrational". Additionally, in rejecting petitioner's claim of age and sex discrimination, the court found that the group of applicants were mixed with respect to both age and gender. Judgment was entered and this appeal ensued.

Initially, we note that respondents' claim that the controversy was moot by the time it was heard is incorrect. The petition sought, in addition to petitioner's promotion, back pay, fringe benefits, pension and counsel fees. Thus, as petitioner did not receive "all the relief [the] court could grant" (*Matter of Adams v LeFevre*, 135 AD2d 1054), the issue is not moot (*cf.*, *ibid.*; *Matter of Cortez v Wilmot*, 115 AD2d 140).

We reject respondents' contention that the petition should have been dismissed since petitioner failed to exhaust all available administrative remedies prior to seeking judicial review. The record demonstrates that there was no internal procedure to challenge a denial of promotion and the provisions of the collective bargaining agreement were inapplicable. Thus, an administrative appeal would have been futile and petitioner was not required to exhaust all available remedies (*see*, *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57).

Petitioner's argument that the denial of her promotion was arbitrary and capricious is also without merit. Where, as here, there has been no hearing, the applicable standard of review is whether the decision was arbitrary and capricious (*see*, *Matter of Connor v Deer Park Union Free School Dist.*, 195 AD2d 216, 219), that is, whether the action is "without sound basis in reason and * * * taken without regard to the facts" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *see*, *Matter of Connor v Deer Park Union Free School Dist.*, *supra*, at 219). Respondents relied on petitioner's failure to meet the minimum criteria set forth in the guidelines, noting that she lacked involvement in Wadsworth Center activities as required by the guidelines. Thus, the finding that petitioner did not meet all the minimum criteria for promotion is supported by the record and respondents' actions cannot be said to be "without sound basis in reason" (*Matter of Pell v Board of Educ.*, *supra*, at 231).

Petitioner's contention that the denial of promotion was an abuse of discretion because respondents changed the guidelines by relying on criteria not present in the guidelines, i.e., that she had not published a first-authored work within the past five years, is without merit. The guidelines specifically advise that "meeting the[m] * * * does not guarantee promotion" (*see, e.g., Matter of Gordon v Burstein*, 116 AD2d 85, 88-89, *lv denied* 68 NY2d 603). Factors other than those stated in the guidelines may be considered by the appointing authority. Accordingly, respondents' reliance on a factor outside the guidelines did not constitute an abuse of discretion.

Petitioner's final contention, that denial of her promotion was unlawful because it constituted a discriminatory determination based on age and gender and required a hearing pursuant to CPLR 7804 (h) to determine questions of fact, is also without merit. Petitioner's evidence of discrimination was conclusory and insufficient to raise triable issues (*see, Matter of Gallo v Ritter*, 195 AD2d 461, 462). Thus, no hearing was required on the issue of age or gender discrimination.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.