*187 OPINION OF THE COURT
Harold J. Hughes, J.
Petitioners seek a determination that they are entitled to participate in the early retirement program established by chapter 12 of the Laws of 1995.
Both petitioners were teachers employed by the Schodack Central School District. By letter dated June 28, 1994, petitioner Lashway advised the District of his intention to retire at the end of the 1994-1995 school year. The Board of Education accepted his resignation on July 14, 1994. On April 13, 1994, the Board accepted the resignation of petitioner Dodge in order to permit her to retire at the end of the school year.
Effective March 6, 1995, the Legislature enacted an early retirement incentive program (L 1995, ch 12, as amended by L 1995, ch 74). The purpose of the plan was to reduce the public employers’ payrolls, minimize layoffs, and achieve a work force reduction in the public sector. The plan allowed participating public employers to offer designated employees up to three years of additional retirement service credit by retiring during a specified open period. The original legislation required that the employer not fill the positions of any employee opting for the early retirement. Chapter 74 amended the act to allow educational employers to fill the positions of the retirees.
Early in 1995, the District realized that it might have a revenue shortfall of up to $350,000 for the 1995-1996 school year. In order to address the budget shortfall the District’s Superintendent recommended eliminating three teaching positions and offering the early retirement incentive to selected teachers. On May 4, 1995 the Board elected to become a participating employer in the early retirement incentive program and designated a period of May 5, 1995 to June 30, 1995 as the open period. Both petitioners filed retirement applications with the New York State Teachers’ Retirement System during the open period and requested that the District certify them as eligible for the program. The District declined, construing chapter 12 as not applying to employees that had resigned their positions prior to the open period. This CPLR article 78 proceeding ensued.
Petitioners contend that they meet all of the criteria for participation set forth in the statute. Petitioners argue that some of the language in section 4 of chapter 12 indicates that employees who resigned prior to the open period were eligible *188 to take part in the program. The School District argues that petitioners’ construction of the statute is completely irrational as it defeats the entire purpose of the legislation, which is to reduce government payrolls. Rather than saving money, allowing petitioners to participate in the early retirement plan would cost the District an additional $71,980.
In Matter of Connor v Deer Park Union Free School Dist. (195 AD2d 216, 220) the Third Department upheld a school district’s interpretation of a statute enacting an early retirement program since that interpretation was " 'in accordance with the apparent purpose of the statute’ ”. That is our situation. Implementing the intent of the Legislature is always the primary consideration in statutory interpretation (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). A review of the statutory language and legislative history fails to disclose that the purpose of chapter 12 was to increase budgets for public employers by allowing employees who had already resigned to take part in the early retirement program over the objection of their employers. Indeed, the construction sought by petitioners would thwart the legislative intent underlying chapter 12. The School District’s interpretation of the law as permitting the public employer the discretion of selecting which employees were eligible for early retirement is rational.
The petition will be dismissed, without costs to any party.