■ In the Matter of ROYCE ATWATER et al., Appellants, v RICHARD McGUIRE, as Commissioner of the New York State Department of Agriculture and Markets, et al., Respondents. [642 NYS2d 363] —White, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered April 5, 1995 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review that part of a determination of respondent Commissioner of Agriculture and Markets denying certification of petitioners' claims for a distribution from the agricultural producers security fund.

To protect farmers against losses caused by defaulting purchasers of farm products, the Legislature enacted Agriculture and Markets Law article 20 (see, legislative findings and intent, L 1983, ch 824, § 1). Under this statutory scheme, dealers and brokers of farm products must obtain a license for which they pay an annual fee that is deposited into the agricultural producers security fund (Agriculture and Markets Law § 249). In addition, they must also file a bond, letter of credit or depository agreement (ibid.). In the event a dealer or broker defaults on payment for farm products, a farmer may file a claim with respondent Commissioner of Agriculture and Markets who, if he approves the claim, pays it from the security filed by the broker or dealer and, if the security is insufficient, from the agricultural producers security fund (see, Agriculture and Markets Law § 250-a).

In this instance, after the New York Potato Growers Cooperative, Inc. (hereinafter the Cooperative) filed for bankruptcy, petitioners, who were members of the Cooperative and had not been paid for agricultural products they sold through it, filed claims with the Commissioner. The Commissioner's denial of petitioners' claims led to this CPLR article 78 proceeding, which Supreme Court dismissed. This appeal ensued.

The Commissioner's denial of petitioners' claims was predicated upon Agriculture and Markets Law § 244 (2) (a), which states that the provisions of article 20 "shall not apply to * * * any agricultural cooperative corporation as defined in subdivision (a) of section one hundred eleven of the cooperative corporations law with respect to the receipt, processing, and marketing of farm products of its producer members".[1] Petitioners contend that this determination was arbitrary and

---

1. This exemption frees agricultural cooperatives from the need to be licensed and to post security and security fund fees with regard to transactions with their members. As a result, such members are not protected in their transactions with their cooperatives by the security and security fund provisions of Agriculture and Markets Law article 20.

capricious because it is based on the erroneous finding that the Cooperative was an agricultural cooperative corporation.[2]

The Cooperative Corporations Law § 111 (a) defines an " 'agricultural cooperative' " as either a stock or nonstock cooperative in which "(1) no member is allowed more than one vote * * * (2) the cooperative does not pay dividends * * * in excess of twelve per centum per annum, and (3) the cooperative does not deal in farm products, farm supplies and farm business services with or for non-members in an amount greater in value that [*sic*] the total amount of such business transacted by it with or for members". It is undisputed that the Cooperative satisfied the first two criteria. As for the third, all of the financial information in the record discloses that the Cooperative's total amount of business with its members exceeded that transacted with nonmembers. Thus, the third criterion was satisfied, thereby providing a rational basis for the Commissioner's determination that the Cooperative was an agricultural cooperative corporation. The fact that the Cooperative's certificate of incorporation and bylaws placed no restrictions upon its dealings with nonmembers is immaterial since, under Agriculture and Markets Law § 244 (2) (a), the question of whether a cooperative is an agricultural cooperative corporation is resolved solely by reference to the statutory definition contained in the Cooperative Corporations Law.

At petitioners' invitation we have examined the statutory history pertaining to agricultural cooperatives that has transpired since the Cooperative was incorporated as an agricultural cooperative in 1921 under Membership Corporation Law article 13-A (L 1918, ch 655). In our view, there is nothing in that history that lends support to petitioners' claim that the Cooperative was legislatively transformed into a general cooperative. Additionally, we note that the Cooperative never reincorporated as a nonagricultural cooperative.

Therefore, for these reasons we affirm.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. The arbitrary and capricious standard applies here because the Commissioner made his determination without a hearing (*see, Matter of Connor v Deer Park Union Free School Dist.*, 195 AD2d 216, 219).