■ In the Matter of ELEANOR BARRERA, Appellant, v FRONTIER CENTRAL SCHOOL DISTRICT, Respondent. [643 NYS2d 275] —Judgment unanimously reversed on the law with costs and petition reinstated. Memorandum: Petitioner commenced this CPLR article 78 proceeding alleging that respondent, Frontier Central School District (District), impermissibly terminated her employment without granting her a hearing pursuant to Civil Service Law § 75. The District moved to dismiss the petition on the ground that petitioner had failed to exhaust her remedies under the grievance procedures of the collective bargaining agreement. Supreme Court granted the District's motion to dismiss, and petitioner appeals.

The court erred in dismissing the petition based on a failure to exhaust. Generally, where a collective bargaining agreement requires that a particular dispute be resolved pursuant to a grievance procedure, an employee's failure to grieve will constitute a failure to exhaust, thereby precluding relief under CPLR article 78 (*see, Matter of Plummer v Klepak*, 48 NY2d 486, 489, *cert denied* 445 US 952; *Matter of Flemming v Cagliostro*, 53 AD2d 187, 189, *lv denied* 40 NY2d 806). Nevertheless, because petitioner does not allege that the District violated the agreement, but alleges a violation of Civil Service Law § 75, it was not necessary for her to commence a grievance proceeding (*cf., Matter of Miller v State of New York Dept. of Health*, 222 AD2d 821; *Matter of Dombroski v Bloom,* 170 AD2d 805, 806-807).

In light of our determination, we do not reach the merits of the petition, but reverse the judgment and reinstate the petition. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—CPLR art 78.) Present—Denman, P. J., Pine, Fallon, Wesley and Balio, JJ.