In the Matter of MARGARET M. POTTER et al., Appellants, et al. Petitioner, v TOWN BOARD OF TOWN OF AURORA et al., Respondents. (Appeal No. 1.) [875 NYS2d 414]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered

March 19, 2008 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: The petitioners in appeal No. 1, property owners in the Town of East Aurora (Town), commenced a CPLR article 78 proceeding seeking, inter alia, to annul the resolution of respondent Town Board (Town Board) authorizing the Town's offer to purchase property from respondent 300 Gleed Avenue, LLC to relocate the Aurora Town Hall from its present location to an existing building located less than three quarters of a mile away, as well as the resolution to adopt a negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) with respect to that property and the relocation of the Town Hall to the property. In appeal No. 2, the "petitioners/plaintiffs," some of whom are also petitioners in appeal No. 1, commenced a subsequent hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul further resolutions adopted by the Town Board with respect to the same property. We note at the outset that a declaratory judgment action is not an appropriate procedural vehicle for challenging the Town Board's administrative determinations, and thus the proceeding/declaratory judgment action in appeal No. 2 is properly only a proceeding pursuant to CPLR article 78 (*see Matter of Schweichler v Village of Caledonia*, 45 AD3d 1281 [2007], *lv denied* 10 NY3d 703 [2008]). We further note that the petitioners in appeal No. 2 do not raise any contentions with respect to intervention, consolidation of the petition/complaint with another proceeding, or their request for costs and sanctions, and they thus have abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). The remaining issues raised are identical in both appeals.

The petitioners-appellants in appeal No. 1 and the petitioners in appeal No. 2 (collectively, petitioners) contend that the relocation of the Town Hall violates the provision in New York Constitution, article VIII, § 2 that no "town . . . shall contract any indebtedness except for . . . town . . . purposes," because the subject building has excess space that will be leased to private entities. We reject that contention. A town purpose is defined as a purpose that is " 'necessary for the common good and general welfare of the people of the municipality, sanctioned by its citizens, public in character, and authorized by the legislature' " (*Matter of Chapman v City of New York*, 168 NY 80, 86 [1901]). Pursuant to Town Law § 220 (2), a town board may "[p]urchase,

lease, construct, alter or remodel a town hall, a town lockup or any other necessary building for town purposes, acquire necessary lands therefor, and equip and furnish such buildings for such purposes" (*see* Town Law § 64 [2]). Thus, both the purchase of the building to be used as a Town Hall and the remodeling of that building to suit the Town's needs constitute a town purpose. Petitioners' contention that the purchase is not for a town purpose because the building in question is larger than that presently needed by the Town is lacking in merit. It is well settled that "an ordinary [town] purpose may be, and often should be, planned and executed with reference as well to future as to present needs, . . . [and a town] may erect a public building, having in view future necessities, and exceeding the demands of present use" (*Matter of Mayor of City of N.Y.*, 99 NY 569, 591 [1885]).

Petitioners are correct that, pursuant to SEQRA, the purchase of a building and the relocation of the Town Hall to that location is an unlisted action (*see* 6 NYCRR 617.2 [ak]), thus requiring the preparation of an environmental assessment form (EAF) as defined in 6 NYCRR 617.2 (m) (*see Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d 508, 519 [2004]). Although petitioners also are correct that a short EAF usually is prepared for an unlisted action, we conclude that the Town Board properly prepared a full EAF based upon its conclusion that "the short EAF would not provide the [Town Board] with sufficient information on which to base its determination of significance" (6 NYCRR 617.6 [a] [3]). Contrary to petitioners' further contention, the Town Board timely prepared the full EAF, i.e., before the Town was committed "to a definite course of future decisions" (6 NYCRR 617.2 [b] [2]; *see Matter of Billerbeck v Brady*, 224 AD2d 937 [1996]). Indeed, the record establishes that the negative declaration was issued before the Town was committed to purchasing the property (*see Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 530-531 [1989]). We further conclude that, in issuing its negative declaration of environmental significance, the Town Board properly "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for [its] determination" (*id.* at 529; *see Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 318 [2006]).

We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.