█ In the Matter of JOSEPH J. JULICHER, Respondent, v TOWN OF TONAWANDA et al., Appellants. [876 NYS2d 807]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered September 10, 2008 in a proceeding pursuant to CPLR article 78. The judgment denied respondents' motion to dismiss the petition, granted the petition and annulled the determination terminating petitioner's employment.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Respondents appeal from a judgment in this CPLR article 78 proceeding granting the petition seeking, inter alia, to annul the determination terminating petitioner's employment. We reverse. "[W]here[, as here], a collective bargaining agreement requires that a particular dispute be resolved pursuant to a grievance procedure, an employee's failure to grieve will constitute a failure to exhaust [administrative remedies], thereby precluding relief under CPLR article 78" (*Matter of Barrera v Frontier Cent. School Dist.*, 227 AD2d 890, 891 [1996]; *see Matter of Plummer v Klepak*, 48 NY2d 486, 489-490 [1979], *cert denied* 445 US 952 [1980]; *Matter of Hall v Town of Henderson*, 17 AD3d 981, 982 [2005], *lv denied* 5 NY3d 714 [2005]). Here, petitioner commenced the grievance and arbitration procedure pursuant to the collective bargaining agreement between the parties, but failed to complete the procedure before commencing this proceeding, and thus he failed to exhaust his administrative remedies. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.