■ In the Matter of ONE NIAGARA LLC, Respondent, v CITY OF NIAGARA FALLS et al., Appellants. [910 NYS2d 820]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 10, 2010 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, denied the motion of respondents to dismiss the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, respondents' motion is granted and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78

proceeding seeking, inter alia, a "declaration" that respondents had previously approved the improvements made by petitioner to a building owned by it, pursuant to site plans approved by the Planning Board of respondent City of Niagara Falls, and to enjoin respondents from interfering with the allegedly ministerial duties of respondent Niagara Falls Inspections Department (NFID). Petitioner also moved by order to show cause for the same relief. We note at the outset that petitioner improperly sought a declaration inasmuch as that relief is not an available remedy for challenging an administrative determination (*see Matter of Potter v Town Bd. of Town of Aurora*, 60 AD3d 1333, 1334 [2009], *appeal dismissed* 12 NY3d 882 [2009], *lv denied* 13 NY3d 707 [2009]; *Home Bldrs. Assn. of Cent. N.Y. v Town of Onondaga*, 267 AD2d 973, 974 [1999]). We conclude in any event that Supreme Court erred in denying respondents' pre-answer motion to dismiss the petition.

Petitioner purchased a building and obtained site plan approval for the building project, but respondents thereafter revoked the site plan approval for that part of the project concerning the ninth floor. In January 2009, the Deputy Corporation Counsel for respondent City of Niagara Falls (City) wrote to the Acting Building Commissioner for the NFID advising him that his department "should not accept and review any engineered design drawings" regarding petitioner's property and that the City "should take no action with regard to [petitioner's] property except those required by ordinance, statute or regulation." In response, by letter dated January 13, 2009, the Acting Building Commissioner issued a letter to "All Affected Parties," advising them that the NFID would "NOT accept plans, renderings, architectural/engineering drawings, or permits from subcontractors with regard to any building permit or anticipated issuance of any building permit." It is undisputed that approved site plans were required before building permits or certificates of occupancy could be issued.

The petition, in our view, does not adequately identify the determination for which it seeks review, but we deem the January 2009 letters, read together, to be the "determination" being challenged. Those letters, however, do not constitute a final determination, as required by CPLR 7801 (1), "because no definite position [was] expressed with respect to petitioner's eligibility" for site plan approval (*Matter of Putnam v City of Watertown*, 213 AD2d 974, 974 [1995]; *see also Cambridge Dev., LLC v Novello*, 26 AD3d 220 [2006]). Petitioner had other avenues available to address respondents' actions (*see generally Matter of Essex County v Zagata*, 91 NY2d 447, 453-454 [1998]).

Similarly, we conclude that the petition should have been dismissed, because petitioner failed to seek administrative review of the alleged determination made in the 2009 letters and thus failed to exhaust its administrative remedies (*see Matter of Charest v Morrison*, 48 AD3d 1178 [2008]).

In view of our determination, we do not address respondents' remaining contentions. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.