# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**964**

**CA 11-00560**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF PATRICIA DEROSA,
PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

PAUL DYSTER, MAYOR, CITY OF NIAGARA FALLS,
RESPONDENT,
AND CITY OF NIAGARA FALLS, RESPONDENT-APPELLANT.

---

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (CHRISTOPHER M. MAZUR OF COUNSEL), FOR RESPONDENT-APPELLANT AND RESPONDENT.

W. JAMES SCHWAN, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 18, 2010 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition in part.

It is hereby ORDERED that the judgment so appealed from is modified on the law by granting that part of respondents' motion seeking to dismiss the petition against respondent City of Niagara Falls insofar as petitioner sought to compel that respondent to permit her to opt out of the health insurance plan and to receive opt-out payments and by vacating the second decretal paragraph and as modified the judgment is affirmed without costs.

Memorandum: Petitioner, a retired employee of respondent City of Niagara Falls (City), commenced this CPLR article 78 proceeding seeking to compel respondent Mayor of the City and the City to provide her with either post-employment health insurance coverage or opt-out payments in lieu of such coverage, pursuant to the terms of a Memorandum of Understanding (MOU) between the City and, inter alia, the union representing petitioner (union). Respondents moved to dismiss the petition on the ground that it was legally insufficient. Supreme Court granted the petition in part by requiring only the City to provide petitioner with the relief requested, but the court did not specifically rule on the motion. Because the judgment grants the relief sought by petitioner against only the City, we conclude that the court thereby implicitly granted that part of respondents' motion seeking to dismiss the petition against the Mayor. We further conclude that the court erred in denying that part of respondents' motion seeking to dismiss the petition against the City insofar as it sought to compel the City to permit petitioner to opt out of the

health care plan and to receive opt-out payments.  We therefore modify the judgment accordingly.

We reject the City's contention that petitioner failed to exhaust her administrative remedies before commencing this proceeding. Although it is well established that a petitioner cannot maintain a CPLR article 78 proceeding unless he or she has exhausted the available administrative remedies (*see e.g. Matter of Connor v Town of Niskayuna*, 82 AD3d 1329, 1330-1331; *Matter of One Niagara LLC v City of Niagara Falls*, 78 AD3d 1554, 1556), the clear and unambiguous terms of the collective bargaining agreement (CBA) between the City and the union establish that there were no administrative remedies available to petitioner at the time she first became aggrieved.[1]  It is undisputed that the CBA permits grievances concerning retirement benefits, but the CBA expressly limits the availability of the grievance procedure to current employees.  Pursuant to Section 4 (A) of the CBA, the first procedural stage of the grievance procedure is for an aggrieved "employee" to request "a review and determination of his [or her] grievance by the head of the appropriate department." Thus, unlike the situation in *Matter of City of Niagara Falls* ([*Niagara Falls Police Club Inc*.] 52 AD3d 1327), the grievance procedure set forth in the CBA is " 'predicated upon the status of the affected beneficiar[y . . .,] as [an] active employee or retiree' " (*id.*).  Based on the record before us, we conclude that petitioner was not aggrieved until after she retired.  At that time, she was no longer an "employee" pursuant to the terms of the CBA, and there was no department head with whom she could file a grievance.  Thus, petitioner could not have pursued a grievance before commencing this proceeding.

With respect to the merits of petitioner's claims, we conclude that the MOU gave qualified employees a choice of either participating in the health care plan or opting out of that plan.  Although the MOU permitted retirees to participate in the health care plan upon the same terms and conditions as employees, it did not contain a similar opt-out provision for retirees.  We reject petitioner's contention that the opt-out provision was a term or condition of the health care plan.  The opt-out paragraph specifically states that qualified employees, not retirees, could elect to opt out of the health care plan.  Pursuant to the clear and unambiguous terms of the MOU, the opt-out provision was not a term or condition of the health care plan; it was an alternative to it.  We therefore conclude that the court erred in determining that the City must provide petitioner with opt-out payments, as well as retroactive payments, in lieu of providing her with health insurance coverage.

We conclude, however, that the court properly determined that, as

---

[1] We note that "[t]he material appended to [petitioner's] brief is not part of the record on appeal, was not before the court when it ruled on the motion, and therefore is not considered on this appeal" (*Kwiatkowski v Bertoldo*, 13 AD3d 1208, 1209; *see Werdein v Johnson*, 221 AD2d 899, 901).

a retiree, petitioner was entitled to enroll in the health care plan at no cost to her.

All concur except CARNI, J., who dissents and votes to reverse the judgment insofar as appealed from in accordance with the following Memorandum: I respectfully disagree with the conclusions of my colleagues that there were no administrative remedies available to petitioner prior to commencing this CPLR article 78 proceeding and that she was not required to utilize the grievance procedure set forth in the collective bargaining agreement (CBA) between respondent City of Niagara Falls (City) and the union representing petitioner (union). Inasmuch as petitioner did not exhaust her administrative remedies, I conclude that the petition should be dismissed in its entirety. Therefore, I dissent.

On September 30, 2009, petitioner retired from her employment position with the City. Prior to retiring, petitioner received opt-out payments in lieu of health insurance coverage pursuant to the terms of the Memorandum of Understanding (MOU) dated October 21, 2005 between the City and, inter alia, the union. After she retired, the City denied petitioner's request for either post-employment health insurance coverage or opt-out payments in lieu of such coverage.

It is well established that a petitioner cannot maintain a CPLR article 78 proceeding unless he or she has exhausted the available administrative remedies (*see e.g. Matter of Connor v Town of Niskayuna*, 82 AD3d 1329, 1330-1331; *Matter of One Niagara LLC v City of Niagara Falls*, 78 AD3d 1554, 1556). Pursuant to the terms of the MOU, all disputes pertaining thereto were to be handled through the grievance procedures of the CBA. " 'Grievance,' " as defined in the CBA, "include[s] all claimed violations of [the CBA], any other signed written agreement between the [u]nion and the City, except where that agreement specifically excludes resort to th[e] grievance procedure [contained therein], and . . . all claimed violations . . . of the existing written rules, procedures, regulations, administrative orders or work rules of the City, all of which relate to or involve employee health or safety . . ., including matters involving . . . retirement benefits . . . ." The definition of "grievance" in the CBA does not exclude retirees and is not dependent upon the status of the aggrieved individual (*see Ledain v Town of Ontario*, 192 Misc 2d 247, 252-253, *affd* 305 AD2d 1094). Thus, the subject matter of grievances in the CBA was clearly intended to include disputes originating from the terms of the CBA concerning health insurance benefits for retirees (*see Matter of Dorme v Slingerland*, 12 Misc 3d 815, 822, *affd* 41 AD3d 596). Moreover, "grievance" is not narrowly defined as a claim by any employee or group of employees (*cf. Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.]*, 271 AD2d 931, 932). Nor is the definition of "grievance" limited to " 'unit members' " (*Matter of Spink [Williamson Faculty Assn.]*, 267 AD2d 972, 972).

It is well settled that there is no prohibition against using a CBA's grievance procedure to resolve retiree benefit disputes (*see Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.]*, 85 AD3d 1432, 1434). Indeed, this Court

has concluded that a broad grievance procedure "render[s] the issue of the union's relationship to retired employees a question for arbitration" (*City of Buffalo v A.F.S.C.M.E. Council 35, Local 264*, 107 AD2d 1049, 1050; *see Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn., Local 2784]*, 247 AD2d 829). Thus, by concluding that petitioner was not required to pursue her claim through the grievance procedure because she is a retiree, the majority has implicitly concluded that the union had no duty to represent retirees with respect to retirement benefits created by the terms of the CBA. Whether or not that conclusion is correct, our precedent instructs that it is for the arbitrator to decide the issue. Indeed, this Court previously concluded that it was for the arbitrator to decide whether a union could represent retirees with respect to a dispute over retiree health insurance benefits inasmuch as they were no longer "employees" under the terms of the CBA (*see Ledain*, 192 Misc 2d at 252-253). Here, the majority's conclusion simply bypasses the question whether the union has a duty to represent petitioner in the dispute at issue.

The majority further concludes that petitioner was not aggrieved until after she retired and, because she was no longer an "employee" at that time, she could not have pursued a grievance before commencing this proceeding. However, petitioner has appended a document to her responding brief that unequivocally establishes that, approximately one month before she retired, she requested that the union pursue a grievance on her behalf so that she could receive opt-out payments in retirement. Thus, it is clear that petitioner knew before she retired that the City would not pay her opt-out payments in retirement, and we therefore conclude that she was aggrieved during the time of her employment. I recognize the general rule relied upon by the majority that we may not consider matters dehors the record on appeal (*see generally Matter of Hayes*, 263 NY 219, 221, *rearg denied* 264 NY 459). Inasmuch as petitioner submitted that document, however, she clearly does not deny its existence or claim that the text is inaccurate or incomplete (*see Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 299). "The Court of Appeals has . . . recognized a narrow exception [to the general rule], which allows the consideration, on appeal, of reliable documents, the existence and accuracy of which are not disputed, even for the purposes of modifying or reversing the [judgment] under review" (*Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667; *see Crawford*, 35 NY2d at 299). Thus, in my view, we should not delay the resolution of this litigation by ignoring incontrovertible facts advanced by petitioner. Petitioner's claim accrued while she was still an "employee," and thus her status as a retiree does not excuse her failure to utilize the CBA grievance procedure (*see Dorme*, 12 Misc 3d at 822).

Even if we were to ignore the undisputed facts establishing that petitioner was aggrieved during her employment, I respectfully disagree with my colleagues that, because petitioner is retired, she was not required to utilize the grievance procedure set forth in the CBA to resolve her claim for benefits under that agreement. "[W]here a [CBA] requires that a particular dispute be resolved pursuant to a

grievance procedure, an employee's failure to grieve will constitute a failure to exhaust, thereby precluding relief under CPLR article 78" (*Matter of Barrera v Frontier Cent. School Dist.*, 227 AD2d 890, 891; *see Matter of Plummer v Klepak*, 48 NY2d 486, 489-490, *cert denied* 445 US 952; *Matter of Julicher v Town of Tonawanda*, 61 AD3d 1384). Petitioner was bound by the CBA grievance procedures as a retired employee seeking to enforce her entitlement to retirement benefits (*see Dorme*, 41 AD3d 596; *Matter of O'Connor v Police Commn. of Town of Clarkstown*, 301 AD2d 654). Because petitioner failed to exhaust her available administrative remedies, Supreme Court should have dismissed the petition in its entirety. I would therefore reverse the judgment insofar as appealed from, grant that part of respondents' motion to dismiss the petition against the City and dismiss the petition in its entirety.

Entered:  December 23, 2011                        Frances E. Cafarell
                                                   Clerk of the Court