Matter of Schulz v Town of Hopewell Zoning Bd. of Appeals (2018 NY Slip Op 05418)





Matter of Schulz v Town of Hopewell Zoning Bd. of Appeals


2018 NY Slip Op 05418


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


770 CA 18-00130

[*1]IN THE MATTER OF STEVEN A. SCHULZ, ET AL., PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
TOWN OF HOPEWELL ZONING BOARD OF APPEALS, TOWN OF HOPEWELL PLANNING BOARD, RESPONDENTS-DEFENDANTS-APPELLANTS, AND EMILY JEFFERY, RESPONDENT-DEFENDANT. 






LECLAIR KORONA VAHEY COLE LLP, ROCHESTER (MARY JO S. KORONA OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS. 
CHENEY & BLAIR, LLP, SKANEATALES (DAVID D. BENZ OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS.


 Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered February 15, 2017 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, in effect, denied the motion of respondents-defendants Town of Hopewell Zoning Board of Appeals and Town of Hopewell Planning Board to dismiss the petition/complaint, declared the variance approvals of respondent-defendant Town of Hopewell Zoning Board of Appeals null and void, and remitted the matter for reconsideration. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting the motion in part, dismissing the petition/complaint insofar as it sought declaratory relief and vacating the declaration, and dismissing the petition/complaint against respondent-defendant Town of Hopewell Planning Board, and as modified the judgment is affirmed without costs.
Memorandum: This matter stems from the grant of three area variances by respondent-defendant Town of Hopewell Zoning Board of Appeals (ZBA) relieving respondent-defendant Emily Jeffery of a minimum lot width requirement with respect to Jeffery's proposed subdivision of property located in the Town of Hopewell (Town). Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking to annul the ZBA's determinations approving the area variances and seeking a judgment declaring the ZBA's votes approving those variances void. Thereafter, the ZBA and respondent-defendant Town of Hopewell Planning Board (Planning Board) moved to dismiss the petition/complaint on, inter alia, the grounds that petitioners failed to state a cause of action against the Planning Board and improperly sought declaratory relief. The ZBA and Planning Board (collectively, respondents) appeal from a judgment that, in effect, denied their motion and granted the relief sought in the petition/complaint.
We agree with respondents that Supreme Court erred in denying that part of their motion with respect to the request for declaratory relief, and we therefore modify the judgment accordingly. "[P]etitioner[s] improperly sought a declaration [pursuant to CPLR article 30] inasmuch as that relief is not an available remedy for challenging an administrative determination" (Matter of One Niagara LLC v City of Niagara Falls, 78 AD3d 1554, 1555 [4th Dept 2010]; see Matter of Potter v Town Bd. of Town of Aurora, 60 AD3d 1333, 1334 [4th Dept 2009], appeal dismissed 12 NY3d 882 [2009], lv denied 13 NY3d 707 [2009]). We also agree with respondents that the court erred in denying that part of their motion seeking to dismiss the petition/complaint against the Planning Board, and we therefore further modify the judgment [*2]accordingly. The Planning Board, "which did not render the determination[s] [approving the area variances], is not a proper party to this proceeding . . . and the proceeding must, thus, be dismissed insofar as asserted against it" (Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 826 [2d Dept 2010]; see generally Matter of Wittie v State of N.Y. Off. of Children & Family Servs., 55 AD3d 842, 843 [2d Dept 2008]).
We agree with petitioners, however, that the court properly annulled the ZBA's determinations. The Town's Zoning Code (Code) provides that "[t]he [ZBA] shall refer applications for variance requests to the Planning Board for review and comments. The Planning Board shall forward comments within 30 days of the close of a public hearing of the [ZBA]" (Code § 302 [G]). Here, the Planning Board conducted a meeting on June 20, 2016, and voted to approve the relevant variances. On June 27, 2016, the ZBA held a public hearing and postponed its decision on the variance application until certain residents could comment at an upcoming July 18, 2016 Planning Board meeting. At the July 18, 2016 Planning Board meeting, various residents opposed the variances, and the Planning Board reversed its initial June 20, 2016 determination and voted not to approve the area variances. Thereafter, the ZBA determined that the Planning Board did not have the authority to reverse its prior determination and that the July 18, 2016 vote was null and void. The ZBA met on August 22, 2016 and voted to approve the area variances without considering the Planning Board's July 18, 2016 review and comments.
" It is well established that [c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure' " (Matter of Bartz v Village of LeRoy, 159 AD3d 1338, 1341 [4th Dept 2018]; see CPLR 7803 [3]; Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428 [4th Dept 2017]). Here, inasmuch as no ZBA public hearing took place until June 27, 2016, the June 20, 2016 action on the variance application by the Planning Board was procedurally improper (see Code § 302 [G]). The ZBA's refusal to consider the procedurally compliant July 18, 2016 review and comments submitted by the Planning Board therefore violated the procedure set forth in section 302 (G) of the Code. We thus conclude that the ZBA's grant of the area variances was "made in violation of lawful procedure [and] was affected by an error of law" (CPLR 7803 [3]).
In light of our determination, we do not address respondents' remaining contention.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court