Armstrong v Town of Tonawanda (2023 NY Slip Op 01372)

Armstrong v Town of Tonawanda

2023 NY Slip Op 01372

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

16 CA 22-00466

[*1]WILLIAM ARMSTRONG, ET AL., PLAINTIFFS-APPELLANTS,
v
TOWN OF TONAWANDA, DEFENDANT-RESPONDENT. 

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (CHRISTOPHER P. MAUGANS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered March 14, 2022. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiffs, retired employees of defendant, Town of Tonawanda, commenced this breach of contract action seeking to compel defendant to reimburse health insurance premiums, which they allege they are entitled to pursuant to the terms of a collective bargaining agreement (CBA) between defendant and the union that represented plaintiffs during their employment (union). Defendant moved to dismiss the complaint, contending, inter alia, that the grievance procedure in the CBA was the exclusive procedure by which plaintiffs could seek redress and that plaintiffs were required to bring their claims through the grievance procedure despite their status as retirees. Plaintiffs opposed defendant's motion, arguing, inter alia, that the CBA restricted the class of individuals who could file a grievance to active employees. Supreme Court determined that the language of the CBA contained no such restriction and granted defendant's motion. We agree with plaintiffs that the court erred in its interpretation of the CBA, and we therefore reverse the order, deny defendant's motion, and reinstate the complaint.
It is well settled that, "when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied 485 US 1034 [1988]; see Clark v County of Cayuga, 212 AD2d 963, 963 [4th Dept 1995]). There are two exceptions to that rule. "The first exception applies when the contract provides otherwise . . . , i.e., the contract either expressly allows such suits or implicitly does so by excluding the dispute at issue from, or not covering it within, the ambit of the contractual dispute resolution procedures" (Buff v Village of Manlius, 115 AD3d 1156, 1157 [4th Dept 2014] [internal quotation marks omitted]; see Ledain v Town of Ontario, 192 Misc 2d 247, 251 [Sup Ct, Wayne County 2002], affd 305 AD2d 1094 [4th Dept 2003]). "The second exception applies when the union fails in its duty of fair representation . . . , but the employee must allege and prove that the union breached its duty to provide fair representation to the employee" (Buff, 115 AD3d at 1157 [internal quotation marks omitted]; see Ambach, 70 NY2d at 508). Here, plaintiffs did not allege or show that the union breached its duty of fair representation (see Clark, 212 AD2d at 963), and therefore only the first exception is at issue.
In relevant part, the CBAs in effect prior to plaintiffs' retirement provide that the grievance process is intended to settle any "grievance which may arise between the parties over [*2]the application, meaning or interpretation of this [CBA]." Each CBA further provides that the first step of the grievance procedure requires "[a]n employee covered by this agreement . . . [to] file a grievance in writing to his department head." Inasmuch as plaintiffs were not aggrieved until after they had retired, and inasmuch as the CBAs "expressly limit[] the availability of the grievance procedure to current employees," we conclude that "the clear and unambiguous terms of the [CBAs]" establish that the grievance process was not available to plaintiffs at the time they became aggrieved (Matter of DeRosa v Dyster, 90 AD3d 1470, 1471-1472 [4th Dept 2011]; see Buff, 115 AD3d at 1158; cf. Ledain, 192 Misc 2d at 251-252). 
We have considered defendant's contentions raised as alternative grounds for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Matter of Harnischfeger v Moore, 56 AD3d 1131, 1131-1132 [4th Dept 2008]) and conclude that they lack merit.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court